IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARNETTE M. WESTBROOK**,

      Petitioner,

v.                                                          Civil Action No. 5:06cv86
                                                            (Judge Stamp)

**UNITED STATES OF AMERICA,**

      Respondents.

## OPINION/REPORT AND RECOMMENDATION

Petitioner initiated this § 2241 habeas corpus case on case on July 12, 2006. On September 18, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time. On October 17, 2006, the respondent filed a response to the petition. In addition, with permission from the Court, the respondent filed a supplemental response on November 20, 2006. The petitioner has also filed numerous motions and other documents in this case. Currently pending before the Court are the following motions filed by the petitioner:

    (1) motion for order on disposition of this case (dckt. 12);

    (2) motion to quash the disciplinary report at issue in this case (dckt 14);

    (3) motion for parole supervision release (dckt. 20);

    (4) motion for a decision by the Magistrate Judge assigned to this case (dckt. 21);

    (5) motion for declaratory judgment which states that the petitioner is entitled to the relief sought in this case (dckt. 22);

    (6) motion for summary judgment (dckt. 23); and

(7) motion for a decision by the magistrate judge (dckt. 24).

This case is before the undersigned for a report and recommendation pursuant to Standing Order No. 2. Therefore, to the extent that the petitioner's pending motions seek a decision by the Magistrate Judge, those motions (dckts. 12, 21 and 24) are **GRANTED**.

## I.  The Petition

In the petition, the petitioner challenges disciplinary action taken against him by the Bureau of Prisons ("BOP") in 2005. Specifically, the petitioner asserts that his constitutional rights were violated because he was not present during a disciplinary hearing. In addition, the petitioner asserts that the subsequent rescission of his presumptive parole date was improper and a violation of the double jeopardy clause. Therefore, the petitioner seeks the expungement of the disciplinary report and his release to parole.

## II.  Factual and Procedural History

On July 13, 2005, while confined in a Community Corrections Center ("CCC"), the petitioner received an incident report for violating Code 112, use of a narcotic, marijuana, or drug not prescribed by medical staff. The incident report stated that on July 13, 2005, the CCC received a written communication from Kroll Laboratory in which it reported that the petitioner had tested positive for cocaine. The Center confirmed that the petitioner had recently been tested and that the sample number from the lab matched the sample number assigned to the petitioner's urine specimen. There was also evidence that a staff member had supervised the taking of the petitioner's sample, but no information was found to suggest that the petitioner had been taking any medication which would have produced a false positive. Accordingly, an incident report was written and that report was provided to the petitioner by Saundra Fern Green.

Upon receipt of the written incident report, the respondent asserts that the petitioner admitted to Ms. Green that he had been self-medicating with cocaine because he could not function on his prescribed medication and because he was depressed. The petitioner was provided a form explaining his rights at a discipline hearing and the petitioner signed the form acknowledging that he understood those rights. The petitioner also waived his right to have a written copy of the charges against him at least 24 hours prior to appearing before the disciplinary committee. The petitioner was then advised that his hearing would be held on July 14, 2005. Petitioner signed that form and stated that he did not wish to have staff representation.

On July 14, 2005, the petitioner's disciplinary hearing was held. The petitioner was present at said hearing and was provided an opportunity to make a statement. At that time, the petitioner admitted the charges. The report of the disciplinary committee states that the petitioner was found guilty based on his admission, the laboratory report, the chain of custody report, and the incident report. As a result, the committee recommended that the petitioner be returned to a federal institution. The incident report, and the committee's findings and recommendations, were then forwarded to a disciplinary hearing officer ("DHO"). On July 26, 2005, the DHO concurred with the findings of disciplinary committee and sanctioned the petitioner to a disciplinary transfer, loss of visitation for six months and limited visitation for six months following that. Petitioner received a copy of the DHO report, although the date of receipt is unclear.

## III. The Respondent's Response

In its response, the respondent first asserts that the petition should be dismissed for the failure to exhaust administrative remedies. Second, the respondent asserts that the petitioner was afforded all the process he was due in his disciplinary proceedings and that the petition should be

3

denied and dismissed with prejudice.

## IV. The Respondent's Supplemental Response

In its supplemental response, the respondent asserts that not only is the petitioner challenging his prison disciplinary proceeding, but also the subsequent recision of his parole release date by the United States Parole Commission ("Commission"). With regard to the parole claim, the respondent asserts that the petitioner was sentenced to a 12-year prison term by the District of Columbia on January 12, 2001. The petitioner had an initial parole hearing on November 20, 2003. After that hearing, the Commission continued the petitioner to a presumptive parole date of July 31, 2005. Just prior to his presumptive parole date, the petitioner's record was reviewed and the Commission made no change. Therefore, the petitioner's presumptive parole date remained July 31, 2005.

However, on July 15, 2005, the parole commission was informed that the petitioner tested positive for cocaine while in the CCC in the District of Columbia. Thus, the Commission reexamined the petitioner's case and retarded his parole effective date. Petitioner was thereafter scheduled for a recision hearing on March 22, 2006. At that proceeding, the hearing examiner recommended that the petitioner's parole date be set to June 30, 2006, after serving an additional 11 months. Nonetheless, the Commission disagreed with the recommendation of the hearing examiner and scheduled the petitioner for a three-year reconsideration hearing. In making this finding, the Commission specifically noted that the petitioner was a more serious and poorer parole risk than indicated in the guidelines because of his history of robbery and drug offense. The petitioner's next parole consideration hearing is scheduled for March of 2009.

The respondent notes that the petitioner now complains of the reasons given by the

4

Commission for setting him for reconsideration in three years and also argues that the Commission violated double jeopardy in using his current and prior convictions to deny him parole.

## V. Analysis

### A. Exhaustion of Administrative Remedies

Federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). However, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. It follows then, that a Court has the discretion to waive the exhaustion requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006).

Here, it is not disputed that the petitioner failed to exhaust his administrative remedies before filing suit. However, at this time, the case has been fully briefed for an adjudication on the merits. Thus, although it would be appropriate to dismiss this action for the failure to exhaust, the undersigned has reviewed the merits of the petitioner's claims and has determined that the petition should be denied and dismissed with prejudice for reasons more fully explained herein. Therefore, in the interests of judicial economy, it is recommended that the exhaustion requirement be waived in this instance and the case proceed to a determination on the merits.

### B. Prison Disciplinary Proceedings

Prison disciplinary proceedings are not part of a criminal prosecution, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) ("there must be mutual

accommodation between institutional needs and objectives and the provisions of the Constitution"). However, inmates are entitled to some due process protections. Id. Those protections include: written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; the ability to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and a written explanation of the evidence relied on and reasons for disciplinary action. Id. On the other hand, an inmate does not have a right to confrontation and cross-examination, or a right to counsel. Id. at 567, 570. Disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445 (1985).

In the petition, the petitioner asserts that on July 5, 2005, he submitted a urine sample that tested positive for cocaine. Petitioner also asserts that he did not deny the charge when served with an incident report on July 13, 2005. The petitioner asserts that the "in house committee" recommended that he be placed on social restriction for 15 days, that he work extra duties, and that he attend three N/A meetings. A copy of the incident report was then forwarded to the BOP, who recommended that the petitioner be transferred to a federal medical facility. On July 18, 2005, the petitioner was transferred by the United States Marshal Service to a federal processing unit, then to a detention facility where he resided until being transferred to Atlanta State Prison. Petitioner was later transferred to the Oklahoma City transit center and then on to the Gilmer Federal Correctional Facility ("FCI-Gilmer") where he now resides.

The petitioner asserts that upon his arrival at FCI-Gilmer, he was held in administrative segregation and was not present for the disciplinary hearing that occurred on the disciplinary charge. Petitioner asserts that this violated his right to due process. However, the petitioner then

6

admits that he was using cocaine, but justifies this use because as he claims, he used the cocaine to keep himself awake because his other prescription medications caused him to be "disoriented and sleepish." Apparently, the petitioner believes that he should have had the opportunity to explain these reasons for his drug use to the DHO.

Here, the petitioner clearly received all the process he was due. The petitioner received a written copy of the incident report and waived 24 hour notice of his hearing. The petitioner was in attendance at his disciplinary hearing and admitted the charges. The petitioner chose not to have staff representation or to present any evidence in his defense. The petitioner was found guilty of the charges and received a written statement of that finding which contained an explanation of the evidence relied upon to determine that he committed the prohibited act.[1] The "hearing" that the petitioner complains he was not in attendance at, was not a disciplinary hearing. The petitioner received his disciplinary hearing at the CCC. The proceeding held at FCI-Gilmer was merely a review of the findings of the hearing officer and an imposition of sanctions. As noted by the respondent in its response, it is not mandated by either the constitution or <u>Wolff</u>, that the petitioner be present for such review or for the imposition of sanctions. The petitioner need be present only for the actual disciplinary hearing, which he was. Accordingly, the petitioner's claim that his disciplinary proceedings were unconstitutional are without merit and should be dismissed.

## C. Parole Proceedings

As to his parole proceedings, the petitioner merely asks this Court to "investigate and review [the] decision of the parole commission" to continue him to a reconsideration date in three years. Petition at 11.

---

[1] Considering the lab report and petitioner's admissions, there was clearly "some evidence" to uphold the finding of the hearing examiner.

During his parole proceedings, the hearing examiner determined that the petitioner's presumptive parole date of July 31, 2005, should be rescinded based on his positive drug test while in the CCC. The petitioner does not challenge the lawfulness of such decision. After determining that the petitioner's presumptive parole date be rescinded, the hearing examiner found that such an infraction carried a guideline range of 0-8 months. The petitioner does not challenge the lawfulness of this decision either. The hearing examiner then determined that the petitioner's parole date be set back to June 30, 2006, after serving an additional 11 months. The petitioner does not challenge the lawfulness of that decision.

Upon a review of the recommendation of the hearing examiner, the Commission agreed that the petitioner's parole date of July 31, 2005 be rescinded. Nonetheless, the Commission disagreed with the hearing examiner's recommendation that the petitioner serve only an additional 11 months and that he be set for a new parole date of June 31, 2006. Instead, the Commission determined that the petitioner was a greater risk to re-offend than indicated by his guideline range and concluded that the petitioner be scheduled for a three-year reconsideration hearing.

From the petition, it appears that the petitioner concedes that the Commission had the authority to rescind his initial parole date of July 31, 2005. In addition, it appears that the petitioner agrees that the guideline range for his prison violation was 0-8 months. Moreover, the petitioner does not outwardly object to the Commission's disagreement with the recommendation of the hearing examiner or the Commission's finding that the petitioner is a greater risk to re-offend than indicated by his guidelines. Instead, the petitioner merely requests that the Court examine the Commission's reasons for so finding.

However, the Commission has the authority to reject a finding made by a hearing examiner[2] and also has the discretion to depart from the rescission guidelines. See 28 C.F.R. § 2.36(b). Moreover, such decisions are outside the purview of this Court on federal habeas review. See 18 U.S.C. § 4218(d) (substantive merit of parole decision is not subject to judicial review); see also Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1182-84 (8th Cir. 1990) (citing Wallace v. Christensen, 802 F.2d 1539 (9th Cir. 1986) (substantive discretionary judgments in denying a prisoner parole are not subject to judicial review).[3] Accordingly, the petitioner's challenge to the substantive findings of the Parole Commission are not subject to review by this Court.

To the extent that the petitioner challenges the Commission's determination based on the double jeopardy clause, the undersigned notes that parole proceedings are not criminal in nature and are not covered by the double jeopardy clause. See United States v. McGowan, 960 F.2d 716 (8th Cir. 1992) ("The double jeopardy clause protects a defendant from multiple criminal prosecution and punishment for the offense. A decision to delay a defendant's probable release date, however, is an administrative decision and not a criminal prosecution.") (internal citations omitted); Averhart v. Tutsie, 618 F.2d 479, 483 (th Cir. 1980) ("Rather than constituting another punishment for the same offense, the denial of parole merely perpetuates the status quo: the prisoner remains incarcerated under a validly imposed sentence."). Accordingly, the petitioner's double jeopardy

---

[2] See 18 U.S.C. § 4203(c)(2) (which permits, but does not require, the delegation to hearing examiners the authority to conduct hearings and make findings and recommendations); see also Lynch v. U.S. Parole Commission, 768 F.2d 491, 496 (2d Cir. 1985) (Because "[i]t is the Commission, and not the Examiners, which is vested with the responsibility to make the parole decision," the Commission may overrule the recommended disposition of a hearing examiner).

[3] To the extent that the petitioner specifically challenges the Commission's use of his prior criminal behavior to depart from the guidelines, such a claim is without merit. See Stroud v. U.S. Parole Commission, 668 F.2d 843, 847 (5th Cir. 1982) (a pattern of criminal behavior may be used to depart from the parole guideline range).

challenge to the Parole Commission's decision is without merit and should be denied.

## VI. Recommendation

For the foregoing reasons, it is recommended that the petitioner's § 2241 petition be **DENIED** and **DISMISSED with prejudice.** In light of this finding, it is recommended that the following motions be **DENIED**:

(1) motion to quash the disciplinary report at issue in this case (dckt 14);

(2) motion for parole supervision release (dckt. 20);

(3) motion for declaratory judgment which states that the petitioner is entitled to the relief sought in this case (dckt. 22); and

(4) motion for summary judgment (dckt. 23).

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: May 23, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE