IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LARNETTE M. WESTBROOK,

      Petitioner,

v.                                   Civil Action No. 5:06CV86
                                             (STAMP)

UNITED STATES OF AMERICA,

      Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

On July 12, 2006, pro se petitioner, Larnette Westbrook, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241.  In the petition, the petitioner challenges a disciplinary action taken against him by the Bureau of Prisons ("BOP") in 2005. Specifically, the petitioner asserts that his constitutional rights were violated because he was not present during a disciplinary hearing.  The petitioner also asserts that the subsequent rescission of his presumptive parole date was improper and a violation of the double jeopardy clause.  As relief, the petitioner seeks expungement of the disciplinary report and release to parole.

The petition was referred to United States Magistrate Judge John S. Kaull for initial review pursuant to Local Rule of Prisoner Litigation Procedure 83.09.  The magistrate judge conducted a preliminary review of the petition, determined that summary dismissal was not warranted at that time, and ordered the respondent to show cause why the writ should not be granted.

Thereafter, the respondent filed a response and a supplemental response to the petition. In addition to his petition, the petitioner also filed numerous other motions, seven of which are pending before the Court.

Magistrate Judge Kaull issued a report and recommendation recommending that the § 2241 petition be denied and dismissed with prejudice and that four[1] of the petitioner's seven motions be denied. Magistrate Judge Kaull granted three[2] of the petitioner's motions to the extent that the motions sought a decision by the magistrate judge on the petitioner's § 2241 petition. The magistrate judge informed the parties that they must file any objections to the report and recommendation within ten days after being served with copies of this report. The petitioner filed objections.

## II. Facts

On July 13, 2005, while confined in a Community Corrections Center ("CCC"), the petitioner was charged in an incident report with a violation of Code 112, which prohibits the use of narcotics, marijuana, or drugs not prescribed by medical staff. The incident

---

[1]Motion to quash the disciplinary report at issue in this case (Doc. No. 14); motion for parole supervision release (Doc. No. 20); motion for declaratory judgment which states that the petitioner is entitled to the relief sought in this case (Doc. No. 22); and motion for summary judgment (Doc. No. 23).

[2]Motion for disposition of this case (Doc. No. 12); motion for a decision by the magistrate judge assigned to this case (Doc. No. 21); and motion for a decision by the magistrate judge (Doc. No. 24).

report stated that the petitioner's urine had tested positive for cocaine.  The petitioner was provided a copy of the incident report on July 13, 2005.  The respondent assets that, upon receipt of the report, the petitioner admitted to self-medicating with cocaine because he could not function on his prescription medication and because he was depressed.

Prior to a disciplinary hearing on the incident report, the petitioner was provided a form explaining his rights at a disciplinary hearing and the petitioner signed the form acknowledging that he understood those rights.  Additionally, the petitioner waived his right to have a written copy of the charges against him at least 24 hours prior to appearing before the disciplinary committee.  The petitioner was advised of the date and time of his disciplinary hearing and he stated that he did not wish to have staff representation at the hearing.

On July 14, 2005, the petitioner's disciplinary hearing was held.  The petitioner was present at the hearing and was given the opportunity to make a statement.  In his statement, the petitioner admitted the charges.  The disciplinary committee found the petitioner guilty of cocaine use based on his admission, the laboratory report, the chain of custody report, and the incident report.  The committee recommended that the petitioner be returned to a federal institution.  The incident report and the committee's findings and recommendations were then forwarded to a disciplinary hearing officer ("DHO").  On July 26, 2005, the DHO concurred with

the findings of disciplinary committee and sanctioned the petitioner to a disciplinary transfer, loss of visitation for six months and limited visitation for an additional six months. The petitioner received a copy of the DHO report.

### III. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed, this Court will undertake a de novo review of any recommendations to which objections were filed. The recommendations to which the petitioner filed no objections will be reviewed for clear error.

A.   Exhaustion of Administrative Remedies

In its response to the petitioner's application for a writ of habeas corpus, the respondent argues that the petition should be denied because the petitioner failed to exhaust his administrative remedies. Federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See e.g. Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). However, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion

4

prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. It follows then, that a Court has the discretion to waive the exhaustion requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D. W. Va. June 12, 2006).

Although it is undisputed that the petitioner failed to exhaust his administrative remedies in this case, the magistrate judge recommends that this Court waive the exhaustion requirement in the interest of judicial economy because the case is fully briefed for adjudication on the merits. This Court agrees with the recommendation of the magistrate judge. Therefore, the exhaustion requirement is waived in this instance.

B.   Petitioner's Objections

The petitioner does not object to any specific finding of the report and recommendation of the magistrate judge. Rather, the petitioner appears to contend that the respondent did not file a timely response to the petitioner's petition and each of his motions. The petitioner's objection is without merit. The respondent filed its response to the § 2241 petition within the time allotted by the magistrate judge. Additionally, the respondent filed a timely supplemental response with permission of the magistrate judge. Although the respondent did not file responses to the petitioner's numerous other motions, a response to those motions was not required by the Federal Rules of Civil

Procedure.    Therefore,   the   petitioner's   objection   does   not
demonstrate that the petitioner is entitled to relief.

C.    Prison Disciplinary Proceedings

The petitioner appears to contend in his application for a
writ of habeas corpus that his constitutional right to due process
was violated because he was not given the opportunity to explain
his drug use to the DHO and because he was not present at the
proceeding at FCI-Gilmer in which the DHO's findings were reviewed
and sanctions were imposed.

In his report and recommendation, Magistrate Judge Kaull found
that the petitioner's constitutional claim is without merit and
that the petitioner received all manner of process to which he was
due.  The petitioner did not object to this finding.  This Court
finds that the decision of the magistrate judge on this point is
not clearly erroneous.

Prison disciplinary proceedings are not part of a criminal
prosecution, therefore, the full panoply of rights that are due a
defendant  in  a  criminal  proceeding  do  not  apply  in  prison
disciplinary proceedings.  Wolff v. McDonnell, 418 U.S. 539, 556
(1974) ("there must be mutual accommodation between institutional
needs  and  objectives  and  the  provisions  of  the  Constitution").
However,  inmates  are  entitled  to  some  due  process  protections
including: written notice of the charges at least 24 hours before
a hearing to enable the inmate to prepare a defense, the ability to
call witnesses and present documentary evidence if doing so is not

an undue hazard to institutional safety, and a written explanation of the evidence relied on and reasons for disciplinary action. Id. at 563-566. An inmate, however, generally does not have a right to confrontation and cross-examination, or a right to counsel. Id. at 567, 570. Disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445 (1985).

In this case, the petitioner received a written copy of the incident report and waived the right to 24 hour notice of the disciplinary hearing at the CCC. Additionally, petitioner was present at the CCC disciplinary hearing and exercised the right to make a statement on his behalf. The disciplinary committee found the petitioner guilty of the charged violations and provided him with a written statement of that finding which contained an explanation of the evidence relied upon to determine that he committed the prohibited act, i.e. that he had used cocaine. The finding of the disciplinary committee was supported by the lab results of the urine test and the petitioner's admission. Although the petitioner complains that he was not permitted to attend the proceeding held at FCI-Gilmer to determine the imposition of sanctions, the petitioner was not entitled to be present at that proceeding nor was the petitioner entitled to appear before the DHO. Because the petitioner received and/or waived the right to receive the procedures identified in Wolff, it was not clearly

erroneous for the magistrate judge to determine that the petitioner received all the process that he was constitutionally due.

D.   Parole Proceedings

In his § 2241 petition, the petitioner requests that the Court "investigate and review [the] decision of the parole commission" to continue his reconsideration hearing for three years.  In his report and recommendation, Magistrate Judge Kaull stated that the petitioner's challenge to the substantive findings of the Parole Commission are not subject to judicial review upon an application for habeas corpus.  Further, the magistrate judge found that the petitioner's double jeopardy challenge to the Parole Commissioner's decision is without merit.

The recommendations of Magistrate Judge Kaull as to the portion of the § 2241 petition dealing with the petitioner's parole proceedings are not clearly erroneous.  Substantive decisions by the Parole Commission to grant or deny parole are not subject to judicial review.  Jones v. United States Bureau of Prisons, 903 F.2d 1178, 1183 (8th Cir. 1990).  Additionally, because parole proceedings are not criminal in nature, they are not covered by the double jeopardy clause.

IV.   Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and

recommendation in its entirety.  Accordingly, the petitioner's § 2241 motion is DENIED WITH PREJUDICE.  The petitioner's motion to quash the disciplinary report at issue in this case (Doc. No. 14), motion for parole supervision release (Doc. No. 20), motion for declaratory judgment which states that the petitioner is entitled to the relief sought in this case (Doc. No. 22), and motion for summary judgment (Doc. No. 23) are DENIED.  To the extent that the petitioner's motion for disposition of this case (Doc. No. 12), motion for a decision by the magistrate judge assigned to this case (Doc. No. 21), and motion for a decision by the magistrate judge (Doc. No. 24) requested a ruling on the § 2241 petition, those motions are GRANTED.  This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgement of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the petitioner and to counsel of record herein.

DATED:     July 11, 2007


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE